**HART ENGINEERING CORPORATION**

v.

**GAF BUILDING MATERIALS CORPORATION, Contractors Supply Company, Inc. and Continental Insurance Company.**

No. 97–214–Appeal.

Supreme Court of Rhode Island.

May 15, 1998.

Michael T. Sullivan, Providence.

William E. Reed, III, K. Maloney, Boston, MA, Mark Nugent, Keith B. Kyle, Randall L. Souza, Fred L. Mason, Jr., Fred A. Kelly, Valarie A. Connor, Providence, Dennis M. Duggan, Jr., Mellissa Bayer Tearney.

**ORDER**

This case came before the court for oral argument May 6, 1998, pursuant to an order that had directed Hart Engineering Corporation and Continental Insurance Company to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, Hart Engineering Corporation, (Hart) has appealed from a summary judgment entered in the Superior Court in favor of the defendant, Continental Insurance Company. In 1992, Hart constructed a compost facility in Bristol, Rhode Island. In the course of the construction Hart installed Sentinel roofing shingles which were manufactured by the defendant, GAF Building Materials Corporation (GAF) and sold by the defendant Contractors Supply Company, Inc. (Contractors, Inc.). Following a number of storms during the winter of 1992–1993, shingles were blown off the building, ultimately the shingles were replaced by Hart. Hart sought reimbursement from GAF, from Contractors, Inc. and from its insurance company, Continental. The policy specifically ex-

cluded coverage for any "loss caused by or resulting from * * * [f]aulty, inadequate, or defective * * * [d]esign, specifications, workmanship, repair, construction, renovation," or "[f]aulty, inadequate, or defective * * * [m]aterials used in repair construction, renovation or remodeling."

The motion justice examined the discovery materials relating to the case and concluded that all such evidence unerringly pointed to either faulty shingles as Hart's expert opined, or faulty installation of the shingles, as other experts had opined. Consequently, the motion justice determined that under either theory the policy would exclude coverage. The court found that there was no evidence to support Hart's claim that a severe storm caused the shingles to fail. All discovery materials indicated that the strongest gust of wind was fifty-four miles per hour with a maximum one minute sustained wind of only thirty-four miles per hour. In opposing the motion for summary judgment Hart produced no evidence indicating that nondefective, properly installed shingles would be unable to withstand such winds as were encountered during the relevant period.

Having examined the pleadings and all of the relevant discovery materials presented by the parties, the motion justice properly determined that there were no genuine issues of material facts and that Continental was entitled to judgment as a matter of law. *See Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996).

Consequently Hart's appeal is denied and dismissed. The summary judgment entered in the Superior Court is affirmed.